# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **JOSEPH CAMPO FIORE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-cv-359 |
| ) | (Phillips) |
| **RUSSELL SMITH,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion for Partial Judgment on the Pleadings [Doc. 7]. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, defendant moves to dismiss plaintiff's "official-capacity" claims. [Id.]. Plaintiff has sued defendant, a Tennessee highway patrol officer, for monetary relief under 42 U.S.C. § 1983 and Tennessee law. [Doc. 1].

It is unclear whether defendant was sued in his official capacity, but if he was, he argues those claims are barred by the Eleventh Amendment. For the following reasons, defendant's Motion for Partial Judgment on the Pleadings [Doc. 7] is **GRANTED**, whereby plaintiff's federal and state claims against defendant in his official capacity for monetary relief are **DISMISSED WITHOUT PREJUDICE**.

## I. INTRODUCTION

As a preliminary matter, the Court notes that it has jurisdiction over the § 1983 claim pursuant to 28 U.S.C. § 1331. In addition, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

The following facts are taken mostly from plaintiff's complaint. On August 16, 2008, plaintiff was involved in a car accident on Interstate 40 in Loudon County, Tennessee. After the accident occurred, plaintiff left the scene and drove his truck to a nearby exit.

Defendant, a Tennessee highway patrol officer, arrived at the scene shortly. Plaintiff was questioned about the accident and ordered to perform a sobriety test. Plaintiff was then arrested for driving under the influence, leaving the scene of an accident, and other related offenses. Plaintiff argues that he was arrested without probable cause. Plaintiff also alleges that defendant called his employer to report the incident, and that he was fired as a result.

After he was arrested, plaintiff was incarcerated at the Loudon County jail. Ultimately, the criminal charges were dismissed.

On August 17, 2009, plaintiff filed suit under 42 U.S.C. § 1983. As a basis for his § 1983 claim, plaintiff argues that the search and seizure lacked probable cause in violation of the Fourth Amendment. Defendant also filed claims under Tennessee law, including claims for false imprisonment, intentional interference with a business relationship, and intentional infliction of emotional distress.

On January 5, 2010, defendant filed a Motion for Partial Judgment on the Pleadings [Doc. 7]. Defendant argues that to the extent he has been sued in his official capacity, those claims are barred by the Eleventh Amendment. On January 25, 2010, plaintiff responded [Doc. 9].

## II. STANDARD OF REVIEW

Defendant has moved to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure. A motion for judgment on the pleadings under Rule 12(c) may be granted where the moving party "is entitled to judgment as a matter of law." Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 526 (6th Cir. 2006) (citations omitted). "The standard of review for a Rule 12(c) motion is the same as

for a motion under Rule 12(b)(6) for failure to state a claim upon which relief an be granted." Fritz v. Charter Tp. of Comstock, 592 F.3d 718, 722 (6th Cir. 2010) (citations omitted). "In reviewing the motion, we must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of [his] claim that would entitle [him] to relief." Ziegler v. IBP Hog. Market, Inc., 249 F.3d 509, 512 (6th Cir. 2001).

The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." Fritz, 592 F.3d at 722 (quoting Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.' " Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

## III. ANALYSIS

### A. Plaintiff's Official-Capacity Claim Under 42 U.S.C. § 1983

#### 1. Based Upon the "Course of Proceedings," It Does Not Appear that Defendant Was Sued in His Official Capacity

To state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate "(1) that [the] defendant was acting under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured under federal law." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). As a basis for his § 1983 claim, plaintiff alleges that his Fourth Amendment rights were violated.

In reviewing § 1983 claims, the first question the Court must address is: who did plaintiff sue, and in what capacity? Under § 1983, plaintiffs may sue state employees in their "official"

3

capacity (as long as it is for prospective injunctive relief [1]) or their "personal" capacity (for monetary damages or injunctive relief). *See* Kentucky v. Graham, 473 U.S. 159, 166-67 (1985). In this case, plaintiff sued a Tennessee highway patrol officer. Whether defendant qualifies as a "state employee" (for purposes of Section 1983 and Eleventh Amendment immunity[2]) "depends, at least in part, on state law." Cady v. Arenac County, 574 F.3d 334, 342 (6th Cir. 2009) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). Tennessee courts recognize that highway patrol officers are "state employees." *See* Estate of Duncan v. State, No. M2003-01105-COA-R3-CV, 2004 WL 1196093, at *2 (Tenn.Ct.App. May 26, 2004) (recognizing that highway patrol officers are "state employees"); *see also* Youngblood v. Clepper, 856 S.W.2d 405, 406 (Tenn.Ct.App. 1993) (recognizing the same). The Sixth Circuit also recognizes that Tennessee highway patrol officers are "state employees" for purposes of Section 1983 and Eleventh Amendment immunity. *See* Smoak v. Hall, 345 Fed.Appx. 134, at * 1 (6th Cir. 2009) (implicitly recognizing that Tennessee highway patrol officers are "state officers" for purposes of § 1983 actions); *see also* Anderson v. Cash, 70 Fed.Appx. 251, at *1 (6th Cir. 2003) (recognizing the same). Having found that defendant is a "state employee," the Court must now determine what capacity he was sued in.

Plaintiff has sued defendant for monetary relief, but it is unclear whether defendant was sued

---

[1] *See* Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for [prospective] injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State. . . ."). This is known as the Ex parte Young exception to Eleventh Amendment immunity. *See* 209 U.S. 123, 149 (1908) (holding that the Eleventh Amendment does not bar a federal court from enjoining a state official from enforcing state legislation that violates federal law).

[2] This is an important question because Eleventh Amendment immunity is only available to "arms of the state," which includes state employees sued in their official capacity. *See* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in Federal courts extends to States and state officials in appropriate circumstances . . . but does not extend to counties and similar municipal corporations.").

in his official or personal capacity. The type of relief available in official-capacity suits is different than in personal-capacity suits. *See* Hafer v. Melo, 502 U.S. 21, 25 (1991). For example, the Supreme Court has held that the Eleventh Amendment bars state employees from being sued in their official capacity for monetary relief. Id. More precisely, the Supreme Court has held that state employees sued in their official capacity for monetary relief are not "persons" within the meaning of § 1983. Id. This is because "the real party in interest in an official-capacity suit is the governmental entity and not the named official." Id.

In contrast, the Eleventh Amendment does not bar monetary claims against state employees in their personal capacity. *See* Id. at 27. This is because suits against state employees in their personal capacity are not treated as suits against the state: "By contrast [to official-capacity suits], officers sued in their personal capacity come to court as individuals." Id. In Hafer v. Melo, the Supreme Court held that state employees sued in their personal capacity are "persons" within the meaning of § 1983. Id.

As mentioned previously, it is unclear whether defendant was sued in his official or personal capacity. When a complaint is silent on this issue, courts apply the "course of proceedings" test. Moore v. City of Harriman, 272 F.3d 769, 772 (6th Cir. 2001). The purpose is to determine whether the defendant has "fair notice of what the claim is and the grounds upon which it rests." Brooks v. American Broad. Cost., 932 F.3d 495, 497 (6th Cir. 1991) (citations omitted). In applying the test, courts examine later pleadings, "such as a response to a motion for summary judgment, to determine whether proper notice had been given." Moore, 272 F.3d at 772 (citations omitted). Under this test, courts consider such factors as "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the

potential for individual liability." Id. at n.1.

Having reviewed the record, it appears that defendant was sued in his personal capacity. First, the complaint does not refer to defendant in his official title. Second, the complaint does not refer to the "State of Tennessee" or attempt to attribute plaintiff's acts to the state. In fact, plaintiff acknowledges that the "State of Tennessee was not named as a Defendant in the instant case." [Doc. 9 at 1, Plaintiff's Response to the Motion for Partial Judgment on the Pleadings]. Instead, plaintiff refers to defendant in his "individual capacity":

> Plaintiff would state that Defendant's actions taken against the Plaintiff, were committed by the Defendant while acting 'under color of law' and that in his *individual capacity*, he is a person that meets the requirements necessary for an action pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's federal constitutional rights.

[Doc. 9 at 1-2] [emphasis added]. Third, plaintiff seeks compensatory damages, not injunctive relief. As the Sixth Circuit has explained, a request for compensatory damages indicates a personal-capacity suit. *See* Shepherd v. Wellman, 313 F.3d 963, 969 (6th Cir. 2002) (recognizing that the request for monetary damages "is one factor that might place an individual on notice that he is being sued in his individual [or personal] capacity . . ."). Fourth, defendant raised a qualified-immunity defense in his answer. *See* Lindsay v. Bogle, 92 Fed.Appx. 165, 169 (6th Cir. Feb. 3, 2004) (explaining that "[b]ecause qualified immunity is available only in a personal capacity suit . . . the assertion of that defense indicates that the defendant interpreted the plaintiff's action as being against him personally.") (citations omitted). In sum, these factors indicate that defendant was not sued in his official capacity.

**2. Assuming that Defendant Was Sued In His Official Capacity for Monetary Relief, that Claim is Barred by the Eleventh Amendment**

However, assuming that defendant was sued in his official capacity for monetary relief, that claim is barred by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial

6

power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. As a general rule, the Eleventh Amendment protects states from being sued in federal court by their own citizens, or citizens of other states. *See* Hafer, 502 U.S. at 25. This rule has been extended to protect state employees sued in their official capacity for monetary relief. *See* Id. This is because the state is the real party in interest in official-capacity suits. Id.

However, there are a few exceptions to this rule. *See* Cowan v. University of Louisville School of Medicine, 900 F.2d 936, 940 (6th Cir. 1990). First, states are not immune from federal court when Congress has explicitly abrogated a state's immunity. Id. Second, states are not immune when they have consented to being sued. Id. Third, under the Ex parte Young exception[3], states are not immune when a plaintiff seeks prospective injunctive relief. *See* Graham, 473 U.S. at 167 n.14 (recognizing that a state official sued in his official capacity for prospective injunctive relief is a "person" under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State.").

None of the exceptions apply. First, Tennessee has not consented to being sued under § 1983. Second, the Supreme Court has held that Congress did not abrogate states' immunity when it passed 42 U.S.C. § 1983. Hafer, 502 U.S. at 25. Third, plaintiff does not seek prospective injunctive relief from defendant, so Ex parte Young does not apply.

Accordingly, defendant's Motion for Partial Judgment on the Pleadings [Doc. 7] is

---

[3] In Ex parte Young, the Supreme Court held that the Eleventh Amendment does not bar a federal court from enjoining a state official from enforcing state legislation that violates federal law. 209 U.S. 123, 149 (1908). Under this exception, "a federal court's remedial power . . . is necessarily limited to prospective injunctive relief, and may not include a retroactive award which requires the payments of funds from the state treasury." Edelman v. Jordan, 415 U.S. 651, 677 (1974) (citations omitted).

**GRANTED**, whereby plaintiff's § 1983 claim against defendant in his official capacity for monetary relief is **DISMISSED WITHOUT PREJUDICE**.[4]

B.  **Plaintiff's Official-Capacity Claims Under Tennessee Law**

1.  **Plaintiff's State Law Claims Against Defendant in His Official Capacity Are Barred by the Eleventh Amendment**

In addition to his § 1983 claim, plaintiff has filed pendent state law claims. This includes claims for false imprisonment, intentional interference with a business relationship, and intentional infliction of emotional distress. Like the § 1983 claim, it is unclear whether defendant was sued in his official capacity[5]. However, assuming defendant was sued in his official capacity, those claims are also barred by the Eleventh Amendment.

In Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984), the Supreme Court held that the "doctrine of pendent jurisdiction does not override the Eleventh Amendment." Williams v. Com. of Ky., 24 F.3d 1526, 1543 (6th Cir. 1994) (citing Pennhurst, 465 U.S. at 121). Thus, as a general rule, the Eleventh Amendment bars state law claims against state employees in

---

[4] In Pennhurst State School & Hospital v. Halderman, the Supreme Court recognized that "the principle of sovereign immunity is a constitutional limitation on the federal judicial power . . ." 465 U.S. 89, 907 (1984). When a claim against the state- which includes state employees sued in their official capacity for monetary relief- is barred by the Eleventh Amendment, that claim should be dismissed "without prejudice" because the Eleventh Amendment serves as a bar to subject matter jurisdiction. *See* Underfer v. University of Toledo, 36 Fed.Appx. 831, 2002 WL 1263957, at *3 (6th Cir. Jun. 5, 2002) (recognizing that § 1983 claims dismissed on Eleventh Amendment grounds should be dismissed for lack of subject matter jurisdiction). *See also* Akbar-El v. Ohio Dept. of Corrections, 124 F.3d 196, 1997 WL 579160, at *1 (6th Cir. Sept. 17, 1997) (recognizing that the Eleventh Amendment limits the subject matter jurisdiction of federal courts). As the Sixth Circuit has held, "dismissals for lack of jurisdiction should generally be made without prejudice." Ernst v. Rising, 427 F.3d 351, 367 (6th Cir. 2005) (citations omitted). *See also* Mitan v. Int'l Fid. Ins. Co., 23 Fed.Appx 292, 297 (6th Cir. 2001) ("Dismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice."). Because plaintiff's claim is dismissed on Eleventh Amendment grounds- and thus, the Court lacks subject matter jurisdiction- his claim is dismissed "without prejudice."

[5] *See* Part III.A(1)

their official capacity.[6] *See* Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 521 (6th Cir. 2007). This applies regardless of what type of relief is sought. *See* Id.

There are only two exceptions to the this rule. *See* Id. First, states are not immune from federal court when Congress has explicitly abrogated a state's immunity. *See* Id. Second, states are not immune when they consent to being sued. *See* Id. (recognizing that "federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment."). The Ex parte Young exception does not apply to pendent state law claims against state employees in their official capacity.[7]

None of the exceptions apply. First, while Tennessee has consented to being sued in other

---

[6] The Sixth Circuit recognizes that state law claims against state employees in their official capacity are barred by the Eleventh Amendment. *See* Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 521 (6th Cir. 2007) ("With respect to state law claims against the defendant officials in their official capacity, the Eleventh Amendment provides immunity from suit in federal court. The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment. . . . The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment.") (internal citations omitted). *See also* Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 117 (1984) (holding that a "federal suit against state officials on the basis of state law [that is, pendent state law claims] contravenes the Eleventh Amendment when - as here- the relief sought and ordered has an impact directly on the State itself."). In particular, the Supreme Court in Pennhurst held the following: "We concluded above that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment. We now hold that this *principles applies as well to state-law claims brought into federal court under pendent jurisdiction.*" Id. at 120 (emphasis added).

[7] In Pennhurst State School & Hospital v. Halderman, the Supreme Court recognized that the Eleventh Amendment bars state law claims for injunctive relief against state employees sued in their official capacity- that is, when the State is the real party in interest. 465 U.S. 89, 121 (1984). The Court also held that the Ex parte Young exception- that claims for prospective injunctive relief from state employees are not barred by the Eleventh Amendment- does not apply to state law claims against state employees sued in their official capacity. Id. at 106 (recognizing that in this context, "the entire basis for the doctrine of Young and Edelman disappears. A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that Young and Edelman are inapplicable in a suit against state officials on the basis of state law.").

9

forums (notably, the Tennessee Claims Commission), it has not consented to being sued in federal court for tort claims brought under Tennessee law. As the Supreme Court has stated, the waiver of Eleventh Amendment immunity must be explicit: "[I]t is not consonant with our dual system for the federal courts . . . to read the consent to embrace federal as well as state courts. . . . [A] *clear declaration* of the state's intention to submit its fiscal problems to other courts than those of its own creation must be found." Pennhurst, 465 U.S. at 100 (quoting Great Northern Life Ins. Co. v. Read, 322 U.S. 47, 54 (1944) (emphasis added)).

In 1984, the Tennessee Claims Commission was established to allow individuals to file monetary claims against the state. *See* T.C.A. § 9-8-307. In other words, the state waived its sovereign immunity so that it could be sued in this forum. *See* Estate of Drew v. U.T. Regional Medical Center Hospt., 121 F.3d 707, 1997 WL 441752, at *2 (6th Cir. Aug. 5, 1997). However, there is no indication that the state waived its immunity in federal court:

> [*n]o court in the state* shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

T.C.A. § 20-13-102(a) (emphasis added). In addition, the Tennessee Supreme Court has recognized that the state retains its immunity outside the Tennessee Claims Commission. *See* Stewart v. State, 33 S.W.3d 785, 790 (Tenn. 2000) (holding that outside the Tennessee Claims Commission, the "state retains its immunity from suit, and a claimant may not seek relief from the state." ). As previously explained, a state's waiver of Eleventh Amendment immunity in federal court must be explicit. *See* Pennhurst, 465 U.S. at 100. Based upon the foregoing, the Court finds that the State

of Tennessee[8] has not consented to being sued in federal court for tort claims brought under Tennessee law.

Finally, the Court notes that the last exception does not apply: Congress has not abrogated Tennessee's immunity so that tort claims may be filed against the state in federal court. Accordingly, defendant's Motion for Partial Judgment on the Pleadings [Doc. 7] is **GRANTED**, whereby plaintiff's state law claims against defendant in his official capacity are **DISMISSED WITHOUT PREJUDICE**.[9]

## IV.   CONCLUSION

For the foregoing reasons, defendant's Motion for Partial Judgment on the Pleadings [Doc. 7] is **GRANTED**, whereby plaintiff's federal and state claims against defendant in his official capacity for monetary relief are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.
    **ENTER:**


           s/ Thomas W. Phillips
           United States District Judge

---

[8] Again, the Court notes that when a state employee is sued in his official capacity, the real party in interest is the state. *See* Hafer v. Melo, 502 U.S. 21, 25 (1991) (recognizing that "the real party in interest in an official-capacity suit is the governmental entity and not the named official.").

[9] *See* n.4 (explaining why claims dismissed on Eleventh Amendment grounds should be dismissed without prejudice).