UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSEPH CAMPO FIORE )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>RUSSELL SMITH, )<br>    Defendant. ) | No. 3:09-cv-359<br>(Phillips/Guyton) |

MEMORANDUM AND ORDER

**I.  Introduction**

This matter is before the Court on the Plaintiff's Motion to Lift the Stay of Proceedings. [Doc. 22] The Defendant requests that, if this matter is reinstated, the Defendant be permitted an opportunity to file dispositive motions. [Doc. 24] The Court initially stayed this matter pending the decision of the General Sessions Court for Loudon County, Tennessee. [Doc. 20] As the state proceedings are now concluded, the matter is ripe to proceed; consequently, this matter shall be **REINSTATED** on the Court's docket and, for the reasons contained herein, Defendants' request to file a dispositive motion is **GRANTED**.

**II.  Dispositive Motions**

Pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, unless the Court orders otherwise, a party may move for summary judgment at any time until 30 days after the close of all discovery. The parties agreed in their scheduling order to file all dispositive motions no later than 120 days before trial; [Doc. 11] the trial was set to occur on August 30, 2011. The Court stayed this action on July 14, 2011, well after the deadline for filing dispositive motions for the August 30,

2011 trial. [Doc. 11.] As the deadline for filing dispositive motions had passed prior to the July 14th stay, the Defendant waived its rights to file such motions.

Rule 6(b)(1) of the Federal Rules of Civil Procedure provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." The determination of excusable neglect under 6(b)(1) is "'an equitable one, taking account of all relevant circumstances'" surrounding a party's noncompliance with established deadlines. *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 Fed. App'x 265, 266 (6th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Supreme Court instructs courts to balance the following factors when determining the existence of excusable neglect: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for delay, including whether the delay was in the reasonable control of the movant and whether the movant acted in good faith. *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2011) (citing *Pioneer*, 507 U.S. at 395). However, the Sixth Circuit has held that the *Pioneer* factors "'do not carry equal weight; the excuse given for the late filing must have the greatest import. While [the others] might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry.'" *United States v. Munoz*, 605 F.3d 359, 368 n.10 (6th Cir. 2010) (citing *Lowry v. McDonnell Douglas Corp*, 211 F.3d 457, 463 (8th Cir. 2000)).

When considering the Defendant's request, the Court finds that Plaintiff will not be overly prejudiced by the Court's permitting Defendants to file a dispositive motion. Furthermore, the Court finds that the ruling of the General Sessions Court slightly changes the nature of this controversy such that the "reason-for-delay factor" has been presented to this Court in good faith.

2

## VI. Conclusion

It is hereby **ORDERED** that the stay of this action is **LIFTED** and this action is **REINSTATED** on the Court's docket. Furthermore, for the reasons contained herein, the parties are permitted to file dispositive motions pursuant to an Amended Scheduling Order that will follow this Memorandum and Order.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge

3

Case 3:09-cv-00359-TC-CCS   Document 26   Filed 01/15/13   Page 3 of 3   PageID #: 121